### In re J. B. WHITE & CO.

(District Court, S. D. Georgia, N. E. D. August 30, 1915.)

BANKRUPTCY ☞223—COMPOSITION—COMPENSATION OF REFEREE.

Under Bankr. Act July 1, 1898, c. 541, § 40, 30 Stat. 556 (Comp. St. 1913, § 9624), fixing the compensation of the referee in case of a composition at one-half of 1 per cent. of the amount to be paid creditors upon confirmation, where there was a composition, but instead of depositing in court the cash required by the act for costs, fees, etc., the bankrupt corporation filed a petition, which was placed on record, requesting that it be relieved from filing the amount required, it agreeing to pay costs, expenses, fees of petitioners' counsel and defendant's counsel, and all other costs as if the money were actually in court, stipulating that such costs might be charged as if the money were actually in bank and being distributed by the court itself, an order of the referee fixing his own compensation at one-half of 1 per cent. of the amount to be paid creditors was proper, both as a matter of statutory right and under the stipulation placed on record by the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 888–894; Dec. Dig. ☞223.]

In Bankruptcy. In the matter of J. B. White & Co., bankrupt. The bankrupt trustee, and committee of creditors petition for review of an order of the referee fixing his fees. Petition denied, and order affirmed.

Wm. H. Fleming, of Augusta, Ga., for petitioners.
Callaway & Howard, of Augusta, Ga., for referee.

SPEER, District Judge. In this case there was a composition. In such cases the full compensation of the referee, fixed by the statute (paragraph 40 of the Bankruptcy Act), is one-half of 1 per centum of the amount to be paid to creditors upon the confirmation of such composition. Here this sum has been made up of a cash deposit of

$18,822.61 and of certain obligations filed with the bankruptcy court in lieu of the cash, which, under the general provisions of the law, the bankrupt must deposit as a prerequisite to the confirmation of the composition. These obligations were accepted, pursuant to a petition addressed to the District Court having jurisdiction by the bankrupt company. This petition was signed by the president of the bankrupt company, and, as appears from the indorsement thereon, was placed, with the record, in the hands of the referee by the attorney for the bankrupt. It contains this recital:

"This defendant therefore requests the court to relieve it from the necessity of filing said large sum of money, it agreeing with the court to pay costs, expenses, fees of petitioners' counsel and defendant's counsel, and all other costs and expenses, the same as if said money were actually in court; that such costs, fees, and expenses shall be charged the same as if said fund were actually in bank and being distributed by the court itself, such arrangement being in the interest of said defendant, being in lieu of filing such large amount of cash."

This offer to the District Court has never been withdrawn, and while the form of the obligation may in some respects have been varied, it constitutes a stipulation made in judicio to pay to the referee his commissions on the amount to be paid as fixed by the statute. It is conceded that the arithmetical calculation of the referee is correct, and since the commission he has adjudged himself entitled to is based upon the amount to be paid, the duty of the court in determining the issue seems plain. True, it has been held in Re J. Bacon & Sons, 224 Fed. 764, in the Western district of Kentucky, that the referee was not entitled to the statutory compensation on the amount of the obligations to be paid in lieu of cash actually deposited. However, the atmosphere of that case differs from this. In that case there was a change of referees, and there was no stipulation with the court on the part of the bankrupt. A ruling somewhat analogous to the case just cited was recently made by the Circuit Court of Appeals for the Third Circuit, in the case of American Surety Co. v. Freed, Trustee, et al., 224 Fed. 333, —— C. C. A. ——. There, however, there was an actual sale of the property for $75,000, and a reorganization of the bankrupt corporation upon a capitalization of $2,500,000, and an agreement between the parties at interest to pay a fixed sum of $6,500 each to the referee and the trustee. There was no such stipulation as that above referred to in this case. Besides, as I am at present advised, I cannot altogether assent to the ruling cited from the Western division of Kentucky above referred to. A composition is a settlement between the parties, with the approval of the court, and the general rule is that settlement between parties cannot deprive the court officials of their statutory costs. Here the referee did all that was required of him. In fact, he did much to aid in the effort to extricate the bankrupt company from its embarrassments.

For these reasons, and especially in consideration of the stipulation placed with the record by the bankrupt, the court not only approves the referee's order allowing to himself the sum he fixed, but on the entire record adjudges that he is entitled to it as a matter of statutory right.